**Esteban C. LEON, Appellant**

v.

**UNITED STATES of America, U.S. Department of Justice Office of Information and Privacy.**

**No. 07–2675.**

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Under Third Circuit LAR 27.4 and I.O.P. 10.6 Aug. 30, 2007.

Filed: Oct. 10, 2007.

Esteban C. Leon, White Deer, PA, pro se.

Kate L. Mershimer, Office of United States Attorney, Harrisburg, PA, for U.S. Department of Justice Office of Information and Privacy.

Before: RENDELL, SMITH AND JORDAN, Circuit Judges.

## OPINION

PER CURIAM.

Appellant, Esteban C. Leon, appeals from the District Court's dismissal of his complaint.

Leon is a federal prisoner who pled guilty to various drug charges in Rhode Island in 2004. He was sentenced to 121 months' imprisonment and is currently confined at the Federal Correctional Institution in Allenwood, Pennsylvania. Leon petitioned the United States District Court for the District of Rhode Island for relief under 28 U.S.C. § 2255.

While Leon's habeas petition was pending, he filed a complaint in the United States District Court for the Middle District of Pennsylvania seeking transcripts of the Grand Jury proceedings and any related documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B). For reasons that are not clear, the District Court construed this complaint as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Having done so, the Court dismissed the complaint without prejudice because it sought relief that is not available under the federal habeas statutes. Leon filed a motion for reconsideration in which he argued that it was inappropriate to dismiss his complaint on these grounds because he was seeking relief under FOIA, not under 28 U.S.C. § 2241. The District Court denied reconsideration, and Leon filed this timely appeal.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and undertake plenary review of the District Court's dismissal of the complaint, accepting as true all factual allegations in the complaint and viewing them in the light most favorable to the non-moving party. See AT&T Corp. v. JMC Telecom, LLC, 470 F.3d 525, 529 (3d Cir.2006). "We may affirm the District Court on any ground supported by the record." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir.2006) (citations omitted). We review the District Court's denial of reconsideration for abuse of discretion. See Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004).

We agree with appellant's contention that his complaint should not have been denied as an improper habeas petition. In refusing to grant reconsideration on this issue, the District Court abused its discretion. Nonetheless, we will affirm the dismissal of Leon's complaint because it failed to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6).

Under Exemption 3 of FOIA, 5 U.S.C. § 552(b)(3), disclosure of Grand Jury materials is governed by Federal Rule of Criminal Procedure 6. *See McDonnell v. United States,* 4 F.3d 1227, 1246–47 (3d Cir.1993); Fed R. Crim P. 6(e). Rule 6 establishes a presumption of nondisclosure of Grand Jury materials. *See McDonnell,* 4 F.3d at 1246–47. Because Leon's complaint does not allege any grounds for disclosure of Grand Jury materials under Rule 6(e)(3), it was subject to dismissal for failure to state a claim upon which relief can be granted. *See id.* at 1248 ("[A] FOIA plaintiff may not obtain disclosure by relying on Rule 6(e)(3)(C)(i) as an exception to the general rule of secrecy under Rule 6(e)(2).").

Accordingly, we affirm the judgment of the District Court.